**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ADRISH BANERJEE, an individual; YAN HE, an individual, | Case No. 2:16–cv–669–JCM–VCF |
| Plaintiffs, | **REPORT & RECOMMENDATION** |
| vs. | MOTION TO TRANSFER (ECF NO. 25) |
| CONTINENTAL INCORPOATED, INC. d/b/a CONTINENTAL ENTERPRISES, an Indiana corporation; LEAPERS, INC. a Michigan corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

Before the court are the Defendants' motion to transfer (ECF No. 25), Banerjee's response (ECF No. 36), and the Defendants' reply (ECF No. 39). For the reasons stated below, the Defendants' motion to transfer should be denied.

**I. Background**

Defendant Leapers, Inc. manufactures, among other products, rifle scopes and owns the SNIPER trademark. (ECF No. 1) In 2014, Leapers began to suspect that the Plaintiffs were manufacturing rifle scopes that infringed on its SNIPER trademark. (*Id.*) Leapers hired Defendant Continental Inc. to investigate Plaintiffs' alleged infringement. (*Id.*) Continental's business models focuses on investigating intellectual property infringement on behalf trademark owners. (*Id.*)

As part of its investigation, Continental purchased two of Plaintiffs' rifle scopes at a Las Vegas area gun show. (*Id.*) Continental transported the scopes back to Indiana. (*Id.*) There the Vanderburgh County Sheriff's Office examined the scopes and determined that they were counterfeits. Based on this information, the Vanderburgh County Superior Court issued a warrant for the Plaintiffs arrest. (*Id.*)

1

On or about February 14, 2015, the Las Vegas Metropolitan Police Department (Metro) arrested the Plaintiffs at another Las Vegas area gun show.  (*Id.*) The Plaintiffs were held at the Clark County Detention Center for approximately one week before being freed on bond.  (*Id.*)  Thereafter the Defendants allegedly obtained an executive warrant from the governor of Indiana.  (*Id.*)  This warrant empowered law enforcement to arrest the Plaintiffs and transport them to Indiana.  (*Id.*)

On or about April 14, 2015, Metro arrested the Plaintiffs at their home.  (*Id.*)  The Plaintiffs were held at the Clark County Detention Center for approximately one month before they were transported to Indiana.  Within hours of arriving in Vanderburgh County, the Plaintiffs were released on their own recognizance.  (*Id.*)  In August 2015, the Vanderburgh County District Attorney dismissed all charges against the Plaintiffs.  (*Id.*)

The Plaintiffs allege seven causes of action against the Defendants.[1]  (*Id.*)  The Defendants now move to transfer this action to the Southern District of Indiana.  (ECF No. 25).

**II. Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district of division to which all parties have consented."  28 U.S.C. § 1404(a).

When deciding whether to grant a motion to transfer, courts balance the plaintiff's choice of forum with the burden of litigating in an inconvenient forum.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  For the court to grant a motion to transfer, the defendant "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Id.*

---

[1] The Plaintiffs alleged the following causes of action: (1) violate of § 1983; (2) abuse of process; (3) false imprisonment; (4) defamation; (5) intentional infliction of emotional distress; (6) civil conspiracy; and (7) negligence.  (ECF No. 1)

As part of the inquiry regarding the convenience of the forum, courts will consider the following factors:

(1)    the location where the relevant agreements were negotiated and executed;

(2)    the state that is most familiar with the governing law;

(3)    the plaintiff's choice of forum;

(4)    the respective parties' contacts with the forum

(5)    the contacts relating to the plaintiff's cause of action in the chosen forum;

(6)    the difference in the costs of litigation in the two forums

(7)    the availability of compulsory process to compel attendance of unwilling non-party witnesses; and

(8)    the ease of access to sources of proof

*Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

### III. Discussion

1. <u>The Applicable Factors Weigh in Favor of Keeping This Action to the District of Nevada</u>

In order to overcome the Plaintiffs' choice of forum, the Defendants needed to make a strong showing of inconvenience. *Decker Coal Co.*, 805 F.2d at 843.  After analyzing the eight transfer of venue factors, this court concludes that the Defendants have not made this showing.

    a.    *Plaintiffs' Causes of Actions Are Not Based On Any Agreements*

The Defendants represented that "[t]here are no relevant agreements at issue in this litigation." (ECF No. 25 at 7)  The Plaintiffs did not dispute this statement in their response.  (ECF No. 36)  As there are no agreements at issue in this action, this factor does not apply.

/// /// ///

3

b.   *A Federal Courts in Nevada and Indiana Will be Equally Familiar with the Governing Law*

This action involves both federal and state causes of action. (ECF No. 1)  With regard to the state law causes of action, the Defendants stated that it is likely that some claims will be governed by Nevada state law, while others will be governed by Indiana state law.  (ECF No. 25)  The Plaintiffs do not dispute this representation.  (ECF No. 36)  Since the federal court that ultimately decides this action will apply federal law, its home state's law, and a foreign state's law, it appears that transfer would shift, rather than eliminate, the inconvenience associated with this factor.  *See Decker Coal Co.*, 805 F.2d at 843.  This factor thus weighs against transfer.

c.   *Plaintiffs' Choice of Forum*

The Plaintiffs originally filed this action in Nevada state court.  (ECF No. 1)  Generally, the Plaintiffs' choice to litigate in Nevada would weigh against transfer.  *See Jones*, 211 F.3d at 498.  "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration."  *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

Some of the operative events occurred in Vanderburgh County, Indiana.  The Defendants allegedly examined the Plaintiffs products in Indiana, provided false information to Indiana government officials, and formulated and executed their entire conspiracy in Indiana. (*Id.*)  Other operative events took place in Nevada: (1) the Defendants purchase of the Plaintiffs' rifle scopes; (2) the Plaintiffs first and second arrest; and (3) the Plaintiffs first and second stays at the Clark County Detention Center.  (*Id.*)  Given that operative events occurred in Indiana and in Nevada, the Plaintiffs' choice of forum is accorded minimal weight.  *See Pence*, 403 F.2d at 954.  While the Plaintiffs' choice would have

normally weighed strongly against transfer, under these circumstances the factor weighs only slightly against transfer.

          d.     *Parties Respective Contacts with Nevada*

As discussed in the previous section, the Defendants' only contact with Nevada was their purchase of a rifle scope at a Las Vegas area gun show. Conversely, the Plaintiffs' only contact with Indiana appear to have been their transportation to the state after Metro executed the Defendants' second arrest warrant. (ECF No. 1) Given the Defendants' minimal contacts with Nevada and the Plaintiffs' minimal contacts with Indiana, this factor is neutral.

          e.     *Contacts Related to Plaintiffs' Causes of Action in the Chosen Forum*

The Nevada contacts in this action are only relevant to the issue of damages. The Plaintiffs' rely heavily on the fact that they were arrested and incarcerated in Nevada to support their argument against transfer. (ECF No. 36) The Plaintiffs' argument ignores the fact that all contacts relevant to issues of liability are in Indiana. (ECF No. 1) Since liability is centered on Indiana and damages principally occurred in Nevada, this factor is therefore neutral.

          f.     *Difference in Costs of Litigation*

The Defendants argued that it will be extremely costly for them to travel from Indiana to Nevada to litigate this action. They conclude that this burden on them merits transfer to Indiana. The Plaintiffs' however will likely suffer an equal burden if they were ordered to travel to Indiana to litigate this action. Given that each party will suffer additional expense to litigate this action outside of their home state, this factor is neutral.[2]

---

[2] At first glance, it would appear that the two individual Plaintiffs would bear the greater burden to litigate outside of their home state. The two corporate Defendants presumably would have greater resources to cover litigation-related travel costs. However neither party has described their relative financial situations. (ECF No. 25); (ECF No. 36) This court thus cannot conclude that one party would suffer a greater burden if it was required to litigate outside its home state.

    g. *The Availability of Compulsory Process*

"A subpoena may command a person to attend a trail, hearing, or deposition only as follows: (A) within 00 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1).  Based on the scope of Rule 45's subpoena power, it would appear that a federal court in the District of Nevada would not be able to compel the attendance of any non-party witnesses located in Indiana or Michigan. *See id.*  Conversely a federal court in the Southern District of Indiana would not be able to compel the attendance of non-party witnesses located in Michigan or Nevada. *See id.*  Given the limitations of each districts' power to compel non-parties to testify at trial, this factor weigh against transfer.

    h. *Ease of Access to Proof Favors Transferring This Action*

The parties focused their arguments on this last factor.  (ECF No. 25); (ECF No. 36)  The Defendants repeatedly stated that most liability witnesses and evidence are in Vanderburgh County, Indiana.  (ECF No. 25)  Any remaining witnesses and evidence would be in Michigan.  The Plaintiffs counters that at least eight witnesses are located in Nevada.  (ECF No. 36)  These witnesses include: (1) Metro officers; (2) a representative from the Clark County Detention Center; (3) Las Vegas gun show attendees; (4) Plaintiffs' treating physician; and (5) Plaintiffs' customers.  (Id.)  The Nevada witnesses appear to be relevant on the issue of damages, while the Indiana and Michigan witnesses and evidence are relevant on the issue of liability.  In this instance, transfer of venue would merely shift, rather than eliminate, the inconvenience to the parties. *See Decker Coal Co.*, 805 F.2d at 843.  This factor therefore weighs against transfer.

  ACCORDINGLY,

IT IS HEREBY RECOMMENDED that the Defendants' motion to transfer (ECF No. 25) be DENIED.

IT IS SO RECOMMENDED.

DATED this 15th day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE