UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRISH BANERJEE, an individual, and YAN HE, an individual,<br><br>Plaintiff(s),<br><br>v.<br><br>CONTINENTAL INCORPORATED, INC., et al.,<br><br>Defendant(s). | Case No. 2:16-CV-669 JCM (VCF)<br><br>ORDER |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R"). (ECF No. 40). Defendants Continental Incorporated, Inc. and Leapers, Inc. filed an objection (ECF No. 41), to which plaintiffs Adrish Banerjee and Yan He replied (ECF No. 42). With leave of the court, defendants filed a reply in support. (ECF No. 45).

**I.  Facts**

Plaintiffs are online retailers of outdoor products, including rifle scopes bearing the "SNIPER" trademark. (ECF No. 20). Defendant Leapers, Inc. ("Leapers") manufactures rifle scopes, to which it claims intellectual property rights. (ECF No. 20). Defendant Continental Incorporated, Inc. ("Continental") is a private investigation firm. (ECF No. 20).

Suspecting that plaintiffs were infringing on its trademark, Leapers hired Continental to investigate the alleged infringement in 2014. (ECF No. 20). As part of the investigation, Continental made two purchase orders online for rifle scopes from plaintiffs in July and August of 2014. (ECF No. 20). Later, in early September 2014, Continental made another rifle scope purchase from plaintiffs at a Las Vegas gun show and expressed an interest in becoming plaintiffs' dealer in Indiana. (ECF No. 20).

**James C. Mahan**
**U.S. District Judge**

Subsequently, defendants met with a detective from the Vanderburgh County sheriff's office to examine the rifle scopes purchased from plaintiffs, during which the rifles were deemed counterfeits. (ECF No. 20). The Vanderburgh County superior court issued a warrant for the arrest of plaintiffs in December 2014, based on the detective's affidavit of probable cause. (ECF No. 20).

In February 2015, Las Vegas Metropolitan Police Department ("LVMPD") arrested plaintiffs at another Las Vegas area gun show pursuant to the arrest warrant. (ECF No. 20). Plaintiffs were held for approximately one week before being freed on bond. (ECF No. 20).

Later, in March 2015, the governor of Indiana issued an executive warrant, which empowered law enforcement to arrest and transport plaintiffs to Indiana. (ECF No. 20). In April 2015, LVMPD arrested plaintiffs at their home. (ECF No. 20). In May 2015, plaintiffs were transported to Indiana, wherein they were released on their own recognizance. (ECF No. 20). In August 2015, the Vanderburgh County district attorney dismissed all charges against plaintiffs. (ECF No. 20).

On February 24, 2016, plaintiffs filed the instant complaint in state court. (ECF No. 1). Defendants removed the case to this court on March 28, 2016. (ECF No. 1). On May 9, 2016, plaintiff filed their first amended complaint. (ECF No. 20).

In their first amended complaint, plaintiffs allege fourteen causes of action: (1) constitutional rights violation under 42 U.S.C. § 1983; (2) abuse of process; (3) false imprisonment; (4) defamation; (5) intentional infliction of emotional distress; (6) civil conspiracy; (7) negligence; (8) malicious prosecution under 42 U.S.C. § 1983; (9) malicious prosecution under common law; (10) Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1964; (11) RICO under NRS 207.470; (12) tortious placing in false light; (13) interference with prospective economic advantage; and (14) *respondeat superior* liability of Leapers. (ECF No. 20).

In the underlying motion, defendants move to transfer the instant action to the Southern District of Indiana. (ECF No. 25). Plaintiffs filed a response (ECF No. 36), to which defendants replied (ECF No. 39).

James C. Mahan
U.S. District Judge

- 2 -

In his R&R, Magistrate Judge Ferenbach recommends that defendants' motion to transfer (ECF No. 25) be denied. (ECF No. 40). Defendants object to the R&R, arguing that the magistrate failed to give the factors that weighed in favor of transfer their proper weight. (ECF No. 41).

## II. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

## III. Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). A district court's decision on whether to transfer a case requires the court to conduct a case specific "consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

The moving party bears the burden of showing the balance of conveniences favors the transfer. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

. . .

James C. Mahan
U.S. District Judge

In considering a motion to transfer venue under § 1404(a), the court may weigh a number of factors, including:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99.

In considering these factors, Magistrate Judge Ferenbach found that the factors weighed against transfer and recommended that defendants' motion to transfer be denied. (ECF No. 40 at 3–7). Specifically, the magistrate found factors (1), (4), (5), and (6) to be inapplicable/neutral and factors (2), (3), (7), and (8) to weigh against transfer, ultimately holding that defendants failed to make the requisite strong showing of inconvenience. (ECF No. 40).

In their objection, defendants make four arguments, only three of which are objections to the R&R. (ECF No. 41). In particular, defendants object to the magistrate's weighing of factors (2), (3), and (7). (ECF No. 41).

Defendants contend that factor (2) should be neutral rather than weighed against transfer because both Indiana and Nevada are equally capable of hearing the matter. (ECF No. 41 at 10). In support, defendants cite to *Miracle Blade, LLC. v. Ebrands Commerce Grp., LLC.*, in which the court found factor (2) to be neutral on the basis that the plaintiff alleged both California and Nevada state law claims. 207 F. Supp. 2d 1136, 1157 (D. Nev. 2002).

However, the magistrate's finding is consistent with *Miracle Blade, LLC*, except that the magistrate further found that transfer would merely shift the inconvenience. In particular, the magistrate found that factor (2) weighed against transfer because federal courts in Nevada and Indiana would be equally familiar with the governing law so as to shift, rather than eliminate, the inconvenience associated with factor (2). (ECF No. 40 at 4).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Second, defendants argue that factor (3) weighs in favor of transfer rather than the neutral designation recommended by the magistrate. (ECF No. 41 at 10).

Courts must "balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co.*, 805 F.2d at 843. A plaintiff's choice of forum is normally given substantial deference if the plaintiff, as here, is a resident of the district in which the action is brought. *See Miracle Blade, LLC.*, 207 F. Supp. 2d at 1155. Nevertheless, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

The magistrate did not find factor (3) to be neutral. Rather, the magistrate found that factor (3) weighed slightly against transfer because the operative events took place in both Nevada and Indiana so as to accord plaintiffs' choice in forum minimal weight. (ECF No. 40 at 4–5). Accordingly, the court agrees with the magistrate's finding that factor (3) weighs slightly against transfer.

Third, defendants argue that factor (7) should be weighed neutrally rather than against transfer because similar number of nonparty witnesses are unavailable in both forums. (ECF No. 41 at 4). For the same reasons discussed in factor (2), the magistrate found factor (7) to weigh against transfer because the limitations of each district's power to compel nonparties to testify at trial. (ECF No. 40 at 6).

Last, defendants contend that Indiana has a compelling state interest in investigating the allegations surrounding its officials. (ECF No. 41 at 11). Defendants assert that Nevada's interests in this matter are outweighed by Indiana's interest in investigating these allegations so as to weight in favor of transfer. (ECF No. 41 at 11).

This argument fails because no Indiana officials are named as defendants in the action, nor does the amended complaint state any claims against Indiana officials. (ECF No. 20). Following defendants' logic, Nevada would have an equally compelling interest since the amended complaint also includes allegations regarding the conduct of the

**James C. Mahan**
**U.S. District Judge**

- 5 -

LVMPD. Thus, the interests of justice would not weigh in favor of transfer.

In light of the foregoing, the court agrees with Magistrate Judge Ferenbach's determination that defendants failed to make a strong showing of inconvenience to warrant upsetting the plaintiffs' choice of forum as set forth in *Decker Coal Co. See* 805 F.2d at 843. Even weighing factors (2), (3), and (7) as defendants contend, they still fail to satisfy their burden of making a "strong showing" since the factors would still weigh against transfer regardless of how slight.

Accordingly, upon reviewing the recommendation and underlying briefs, the court finds good cause appears to adopt Magistrate Judge Ferenbach's findings in full.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Ferenbach's report and recommendation (ECF No. 40) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that defendants' motion to transfer (ECF No. 25) be, and the same hereby is, DENIED.

DATED October 11, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -